MICHAEL L. LOVITZ (SBN: 268976)
mlovitz@lovitziplaw.com
LOVITZ IP LAW PC, A Professional Corporation
8335 W Sunset Blvd., Suite 314
West Hollywood, CA 90069
Tel: (323) 337-9088; Fax: (310) 861-6566

Attorneys for Plaintiff
BRYAN WINTERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN WINTERS, AIA,<br>An individual<br><br>   Plaintiff,<br><br>   vs.<br><br>CHRISTINA LIMSON AND KENT LIMSON,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. BREACH OF CONTRACT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Bryan Winters, AIA, doing business under the name **humn**lab+ architecture ("Plaintiff" or "Winters"), complains of and alleges the following against defendants Christina and Kent Limson ("Defendants"):

## INTRODUCTION AND OVERVIEW

1. This is a copyright infringement case, wherein the Defendants have engaged and continue to engage in infringing activity involving Plaintiff's copyrighted architectural plans, designs, drawings, schematics, specifications and architectural plans (collectively, the "Copyrighted Works") for the remodel of the residential property owned by Defendants located at 760 Via Del Monte, Palos Verdes, CA (the "Property").

2. Plaintiff was contracted by Defendants in 2023 (the "Contract") to design and oversee construction on a large-scale remodel of the Property, with the Copyrighted Works being created by Plaintiff pursuant thereto. The Contract

clearly states that Plaintiff retains ownership of the Copyrighted Works and that the Copyrighted Works may not be sold or transferred absent Plaintiff's express written consent.

3. Defendants' wrongful activities complained of herein include the unauthorized and unlicensed reproduction of, and public display of, the Copyrighted Works, and the offering for sale of unlicensed copies of the Copyrighted Works without consent, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, causing significant injury to Plaintiff.

4. As a result, Defendants have benefitted, and continue to seek to benefit from, said unauthorized exploitation of the Copyrighted Works. Plaintiff seeks recovery of all remedies available under the law, including, but not limited to its damages, injunctive relief, and payment of Plaintiff's attorneys' fees and costs.

## PARTIES

5. Plaintiff Bryan Winters is a licensed architect doing business as **humn**lab+ *architecture* with a principal place of business at 23165 Doris Way, Torrance, CA 90505.

6. Plaintiff is informed and believes and thereon alleges that Defendants Christina Limson and Kent Limson are married individuals residing in California with an address of 760 Via Del Monte, Palos Verdes, CA 90274.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, and 1338(a).

8. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C § 101 *et seq.,* seeking damages, attorneys' fees, injunctive relief, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property.

9. The claims asserted herein arose in this judicial district, the Contract was entered into in this judicial district, the Property is located in this judicial

1  district, and on information and belief Defendants reside either at the Property or
2  elsewhere within this judicial district.
3      10.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)
4  and (c) and 1400 (a) in that this is the judicial district in which a substantial part of
5  the acts and omissions giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

7      11.    This is a case of copyright infringement supported by irrefutable
8  evidence of Plaintiff's ownership of the Copyrighted Works based upon its
9  copyright registration, Defendants' knowledge of Plaintiff's ownership of the
10 Copyrighted Works, and Defendants' reproduction and causing to be publicly
11 displayed copies of the Copyrighted Works without license or permission, in
12 violation of Plaintiff's rights in the same.
13     12.    Since founding **humn**lab+ architecture in 2005, Plaintiff has provided
14 residential architectural services, primarily serving homeowners in and around the
15 beach cities of Southern California.  Plaintiff's work has enjoyed both national and
16 international acclaim for the use of sustainable design, as well as for his use of the
17 five principles of architecture.  Plaintiff's architectural design work ranges from
18 renovations to full-on rebuilds of residential properties, and overseeing the actual
19 build of these designs to completion to ensure no breakdown in the execution of the
20 final plans and specifications.
21     13.    Plaintiff and Defendants entered into the Contract on March 9, 2023
22 setting forth the terms of Plaintiff's services in connection with a remodeling of the
23 Property.  A copy of the Contract is attached hereto as Exhibit 1.
24     14.    The scope of services in the Contract to be undertaken by Plaintiff
25 included, *inter alia*, preparing the schematic designs for the remodel, inclusive of
26 floor plans and elevations, preparing scaled drawings setting out the size and
27 character of the project, and preparing construction documents, inclusive of
28 dimensional floor, ceiling plans and interior designs, along with all details

LOVITZ IP LAW PC
A PROFESSIONAL CORPORATION
BEVERLY HILLS

3

COMPLAINT

necessary to describe the project parameters for local building department approvals and, once approved, for the actual construction phase.

15.    Section J of the Contract concerns the ownership of documents produced by Plaintiff, and states in relevant part:

> "The Drawings, Specifications and other documents, as instruments of service, are and shall remain the property of the **humn**lab+, whether executed or not.  They shall not be used on other projects or as the basis for drawings by others without written authorization from **humn**lab+.  **humn**lab+ shall retain original prints and models.  Copies of all drawings, and record of models shall be made at client request and expense.  These items shall not be sold or transferred without the express written consent of **humn**lab+."

16.    As required by the Contract, Plaintiff reviewed with Defendants his drawings, designs, plans, specifications, schematics and related materials as each was completed in order for Defendants to approve the same.  Once completed, Plaintiff provided Defendants with copies of the such materials, but retained the originals, as per the terms of Section J of the Contract.

17.    Plaintiff satisfactorily completed all contracted services up through the "Construction Documents" phase; however, just prior to the start of construction and after Bid Negotiations, the Defendants notified Plaintiff on May 2nd, 2025, that they were putting the project on a permanent hold.  Later that same day, Defendants advised Plaintiff that due to various personal and legal issues, the Property would need to be sold.  In the same conversation, the Defendants told Plaintiff that they were terminating the Contract and that they would not be paying Plaintiff the balance still owed for the Construction Document phase of Plaintiff's work, and provided Plaintiff with their attorney's contact information.

18.    Following the May 2nd conversation, Defendants proceeded to default on their payment of moneys owed justly to Plaintiff.  Despite Plaintiff's fulfillment

of his obligations under the Contract, Defendants failed to make full payment for the Construction Document phase completed by Plaintiff.  To date Defendants have not fulfilled their payment obligations under the Contract for the completed design services.

19. In correspondence to Defendants regarding the failure to complete payment, Defendants have been advised on four separate documented occasions that Section J of the Contract expressly prohibited the inclusion of Plaintiff's designs, drawings and plans in any sale of the Property.  Despite the plain language of the Contract, and despite these formal reminders, listings for the sale of the Property approved by Defendants have continued to market the Property with Plaintiff's design drawings and plans.

20. On August 29, 2025, Plaintiff filed with the U.S. Copyright Office an application to register the Copyrighted Works, including all designs, drawings, schematics, specifications and architectural plans for the remodel of the Property, resulting in the issuance of Registration No. VAu 1-563-519 for the same having an effective date of registration of August 29, 2025 (the "Registration").  A copy of the Registration certificate is attached hereto as Exhibit 2.

## FIRST CAUSE OF ACTION

Copyright Infringement Under 17 U.S.C. §§ 101 e*t seq.*

(Against All Defendants)

21. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants have repeatedly infringed on Plaintiff's copyright in the Copyrighted Works and continue to infringe on such works.

23. On information and belief, Defendants have reproduced the Copyrighted Works without Plaintiff's written or oral consent, have delivered these

1   infringing copies to each real estate agent they have engaged, and have encouraged
2   each real estate agent to publicly display the Copyrighted Works in connection with
3   the attempted sale of the Property, all without license or permission.

4       24.    Defendants' current real estate agent provides the latest instance of
5   Defendants' infringing activities.  Specifically, on or about October 30, 2025 the
6   Property was listed for sale by agent Patrick Panzarella of Sotheby's International
7   Realty in Manhattan Beach, advertising that the property comes with "turn-key
8   plans for a breathtaking 5,300 sq ft modern Spanish masterpiece, thoughtfully
9   designed by acclaimed architect Brian (sic) Winters."  A copy of the current listing,
10  obtained from the Sotheby's International Realty website on December 12, 2025, is
11  attached as Exhibit 3.

12      25.    On information and belief, copies of the Copyrighted Works supplied
13  by Defendants have been displayed during open house events for the Property, as
14  shown in the photograph attached hereto as Exhibit 4.

15      26.    On information and belief, Defendants intend to sell and transfer
16  copies of the Copyrighted Works to whomever purchases the Property.

17      27.    At no time has Plaintiff ever given the Defendants written consent to
18  reproduce the Copyrighted Works.

19      28.    At no time has Plaintiff ever given the Defendants written consent to
20  publicly display the Copyrighted Works.

21      29.    At no time has Plaintiff given the Defendants written consent to sell
22  and/or transfer the Copyrighted Works.

23      30.    Plaintiff did not grant or otherwise authorize either of the Defendants
24  the right to reproduce, display or otherwise exploit the Copyrighted Works at the
25  time they were infringed.

26      31.    Plaintiff is informed and believes, and thereupon alleges, that
27  Defendants, if not directly liable for infringement of Plaintiff's copyright, are also
28  vicariously liable for copyright infringement, because Defendants will enjoy a

direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

32. Plaintiff is informed and believes, and thereupon alleges, that the Defendants had actual knowledge that Plaintiff was the lawful owner of the Copyrighted Works, and that Defendants did not have the right to exploit them.

33. The Defendants had actual or constructive knowledge that their unauthorized exploitation of the Copyrighted Works constituted infringement of Plaintiff's copyright rights. Alternatively, the Defendants' acts of infringement resulted from a reckless disregard for, or willful blindness to, Plaintiff's rights.

34. Defendants' acts of copyright infringement, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, damage to its business.

35. Further, as a direct result of the acts of copyright infringement complained of herein, Defendants, and each of them, have obtained direct and indirect profits they would not have otherwise realized, but for the infringement of the Copyrighted Works. Plaintiff is entitled to disgorgement of each Defendant's profits, whether directly or indirectly attributable to that Defendant's infringement of the Copyrighted Works.

36. Plaintiff is entitled to an injunction restraining the Defendants and all persons acting in concert with them from further engaging in such acts of copyright infringement.

37. Pursuant to 17 U.S.C. §504, Plaintiff is entitled to recover from the Defendants actual damages, or statutory damages in an amount up to One Hundred Fifty Thousand Dollars ($150,000) for each of the Copyrighted Works infringed by them.

38. Pursuant to 17 U.S.C. §505, Plaintiff is further entitled to recover from the Defendants the reasonable attorneys' fees and legal costs incurred by Plaintiff as a result of the Defendants' acts of copyright infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. For a judgement that Defendants infringed Plaintiff's Copyrighted Works pursuant to U.S. Copyright Act of 1976, as amended 17 U.S.C. § 101 *et seq.*;

2. For actual or statutory damages for each of Plaintiff's Copyrighted Works infringed pursuant to 17 U.S.C. §504, in an amount to be elected and proven at the time of trial;

3. That Defendants, and each of them, and their respective agents be preliminary and permanently enjoined from directly or indirectly infringing upon Plaintiff's rights under federal law in the Copyrighted Works in any manner;

4. That Plaintiff be awarded the costs of this action;

5. That Plaintiff be awarded its reasonable attorney's fees; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues so triable.

DATED: December 22, 2025

LOVITZ IP LAW PC
A Professional Corporation

By: /s/ Michael L. Lovitz
Michael L. Lovitz, Esq.
8335 W Sunset Blvd., Ste. 314
West Hollywood, CA 90069
(323) 337-9088
mlovitz@lovitziplaw.com

*Attorneys for Plaintiff*